## HERBERT N. JEWETT v. MURRY BUCK.

October Term, 1905.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 2, 1906.

### *Deceit in Sale of Land—Evidence—Declarations—Explanation in Rebuttal.*

In an action for deceit in the sale of a farm by falsely representing that it included a certain adjacent nineteen-acre piece of wood land which defendant did not own, it was error to allow plaintiff to testify that defendant, referring to the whole farm and not to said wood land alone, told him that there were a thousand cedar posts on the land, a lot of maples, a few birches, and some soft wood.

Plaintiff was allowed to testify that, when defendant was urging him to purchase the farm, he told him that he did not desire to do so because he owned a nice little place in Stannard, was constable, tax-collector, and lister, and that his business brought him in "quite a little," that he thought it wasn't best to trade, that he better stay where he was. *Held*, that, although this testimony was wholly immaterial to any issue on trial, since the declaration contains no allegation of special damages, still its admission was error, as its very nature made it prejudical to defendant.

Since defendant testified, on direct-examination, as to what he told R. about having been on the nineteen-acre piece and as to his knowledge of the amount of timber on the farm, it was not error to allow him to be cross-examined as to what he told R. on that subject in a conversation which, for aught that appears from the record, may have been a part of, and in connection with, the conversation referred to on direct examination.

Testimony of plaintiff's witness, as to what defendant told him rela-
tive to the quantity and value of the wood and lumber on the farm
in question: "He said to me that there was, it was represented to
him, twenty thousand cedar posts in the swamp, and something like
two hundred thousand feet of lumber," does not tend to show that
defendant had knowledge of the wood and lumber on the farm,
and its admission for that purpose was error.

Defendant's grantor having testified in behalf of defendant that, on
the day the deed to plaintiff was made, the parties had a certain
conversation with him about said nineteen-acre piece which he had
sold off during his ownership of the farm, and that they then got
from him copies of deeds to him of the farm, it was proper to
allow plaintiff to testify in rebuttal that he had said conversation
at a later time, and that he then procured said witness to sign a
writing in respect of the nineteen-acre piece, and that plaintiff sent
this writing to the State's Attorney, and had not seen it since.

In an action on the case for deceit in the sale of a farm, alleged to
contain only 381 acres, by falsely representing that it contained
400 acres, evidence examined and *held* that it tended to show that
the land conveyed to plaintiff contained fewer than 400 acres.

CASE for deceit in the sale of land. Plea, the general
issue. Trial by jury at the December Term, 1904, Caledonia
County, *Tyler*, J., presiding. Verdict and judgment for the
plaintiff. The defendant excepted.

The declaration alleged that defendant, well knowing that
his farm contained only 381 acres, and did not include a cer-
tain adjacent nineteen-acre piece of wood land, which he did
not own, by falsely representing to plaintiff that the farm con-
tained 400 acres and included said nineteen-acre piece, de-
ceived the plaintiff and thereby induced him to purchase the
farm, whereby "the plaintiff has lost and been deprived of
divers great gains, profits, and advantages which he might and
otherwise would have derived from the purchase of both said
pieces of land; that he has wholly lost and been deprived of
said nineteen acres of land; that if defendant had owned and
conveyed to plaintiff said nineteen acres of land, plaintiff could

have cut, hauled to market, and sold the wood and timber thereon standing, and thereby would have employed his time, and made divers gains and profits, to wit, the sum of one thousand dollars."

*Dunnett & Slack* for the defendant.

*Harland B. Howe,* and *Herbert W. Hovey* for the plaintiff.

WATSON, J. This is an action for deceit in the sale of land. Subject to defendant's exception on the ground that the testimony was not admissible under the declaration, the plaintiff was permitted to testify that he and the defendant went over the land which the defendant proposed to sell and afterwards did sell to him, upon an occasion some days before the making of the deed, and that on that occasion the defendant had some talk with the plaintiff as to how the plaintiff could pay for the farm and said to him that there were a thousand cedar posts on said land, a lot of maples, a few birches, and some soft wood. The admission of this evidence was error. It did not support any allegation in any count in the declaration; nor did it bear on the question of damages, since the exceptions show this declaration to have been made with reference to the whole land which the defendant afterwards sold to the plaintiff, and not to that part thereof which defendant did not own and to which he did not convey good title, by reason whereof the plaintiff suffered damage.

The plaintiff was further allowed to testify, subject to exception, that in the conversation he assigned to the defendant as a reason why he did not desire to purchase the farm when urged to do so, that he owned a nice little place in Stannard, that he was constable, tax-collector, and lister, and that this business brought him in "quite a little," and that he

thought it wasn't best to trade,—that he better stay where he was. The declaration contains no allegation for special damages or otherwise which made this testimony proper, and although it was immaterial to any issue on trial its very nature made it prejudicial to the defendant.

The defendant testified in his own behalf in direct examination that he had never been on the nineteen-acre piece, that he did not know anything about the quantity of wood and lumber on the farm except what Mr. Hovey, from whom he purchased it, told him, and that he understood there were from one hundred to one hundred fifty thousand feet of spruce on it and ten thousand cedar posts, and that he told this to the plaintiff and told the same thing to Rev. Mr. Ross. On cross-examination the plaintiff was allowed, against the defendant's objection and exception, to ask the defendant if he didn't tell Ross at Greensboro Bend hotel that there was lumber enough on the farm to pay for it, to which the defendant answered that he might have said so in common conversation. The defendant further testified under the same exception that he thought he had a talk with Ross concerning the farm at the hotel named, but that he didn't then tell him there was wood and lumber enough on the farm to pay for it.

For aught that appears from the exceptions the declaration made by the defendant to Ross at the hotel, as drawn out in cross-examination, may have been in connection with and a part of the same declaration referred to by the defendant in his examination in chief as having been made by him to Ross, which presumably was proper evidence. If it was in connection with and a part of it, the cross-examination cannot be said to be error; for inasmuch as the defendant testified in his examination in chief that he so told Ross, he cannot be heard to complain if he is cross-examined regarding it. *State* v. *Flint,* 60 Vt. 304.

In rebuttal the plaintiff called Ross as a witness and, subject to defendant's objection and exception, asked him what the defendant said to him if anything as to the quantity and value of the wood and lumber on the defendant's land which he had shown the witness. We think it fairly appears from the exceptions that this question to the witness had reference to some occasion when he went with the defendant onto the land subsequently sold by defendant to the plaintiff. The witness answered; "He said to me that there was, it was represented to him, twenty thousand cedar posts in the swamp and something like two hundred thousand feet of lumber. Now maybe I have not worded it just as he worded it to me." This evidence was admitted as tending to show that the defendant had some knowledge of the wood and lumber on the farm. But it had no such tendency, and the exception must be sustained. The only reasonable construction which can be given to the evidence is that the defendant was undertaking to state only what had been represented to him, and not his own knowledge.

A Mr. Hovey who formerly owned the farm which the defendant sold the plaintiff, and who at the time of the sale by the defendant to the plaintiff lived in Morrisville, was called as a witness by the defendant to certain conversations which occurred on the day when the deed was made, and he testified, among other things, to the fact that the parties came to his place and got copies of deeds to him of the farm in question, and that they had conversation about the nineteen-acre piece which he had sold off during his ownership of the farm. In rebuttal the plaintiff was allowed to testify in his own behalf that he went to Hovey's at a later time and had the conversation with him about the nineteen acres as testified to by Hovey, and that at that time he got Hovey to sign a writing with respect to the nineteen-acre piece, and that the plaintiff sent

the writing so signed to the State's Attorney of Caledonia County and had not seen it since. This testimony was admitted, against the objection and exception of the defendant, as tending to show that Hovey was mistaken as to when the conversation as to the nineteen acres took place, and to show that it was after the defendant sold and deeded the farm to plaintiff, instead of at the time of sale as claimed by Hovey. We think the tendency of this evidence was as it was offered and that there was no error in its reception.

The description in the deed from the defendant to the plaintiff was as follows:

"Being all and the same land and premises deeded to me, the said Murry Buck, by J. L. Hovey and wife by their deed of warranty, lying and being in the town of Wheelock, in the County of Caledonia and State of Vermont, being four hundred acres (400) with the buildings thereon standing, described as follows: Being one hundred forty-four (144) acres, more or less, deeded to J. L. Hovey and Ella A. Hovey by the deed of H. E. Hovey, dated December 17, 1891; also two hundred (200) acres more or less deeded to J. L. Hovey by Bell C. and Filo B. Graves, by their deed of warranty, dated April 1, 1896, being lots 98 and 99 in the original allotment of said town; also six (6) acres taken off from lot 83 in said town; also forty-five (45) acres of land more or less on lots numbered 68 and 69, with the buildings thereon, which was deeded J. L. Hovey by Paul S. Davis by his deed of warranty dated the 4th day of March, 1899, and recorded in Book 18, page 56 of the Land Records of said town of Wheelock. Reference to the above named deed and the records thereof, and all deeds conveying the above described land and records thereof, therein referred to, is had for a more full and complete description of said land and premises. Meaning to convey by this deed all and the same land and premises conveyed to me

the said Murry Buck, with the buildings thereon standing, by J. L. Hovey and wife by their deed of warranty dated on or about the 22nd day of September, 1902, being four hundred acres of land with the buildings thereon standing, be the same more or less."

The conveyances to Hovey gave the acreage of lots 98 and 99 at about two hundred acres of land, and the defendant's evidence tended to show that these lots were laid out one hundred sixty rods long and one hundred rods wide. The acreage mentioned in the other conveyances to the said Hovey, together with that given of lots 98 and 99, made in all four hundred acres prior to the sale of the nineteen acres by him. Hovey testified to a measurement of lots 98 and 99 while he was in possession of the farm, showing that the lots were one hundred eighty rods long and overran somewhat in width, so that after the conveyance of the nineteen acres, the land in these two lots exceeded the quantity mentioned in the deed. This testimony of Hovey was the only testimony in the case as to the real quantity of land in those two lots, except the deed from the defendant to the plaintiff which gave it as two hundred acres, and the plaintiff did not claim any shortage of land from the amount conveyed to him, except this nineteen-acre piece which had been sold from those two lots before Buck took his deed. The defendant claimed there could be no recovery under the evidence on the counts which merely counted on a shortage of land from the quantity mentioned in the deed, namely counts which stood on the proposition that the defendant well knowing the piece of land to contain less than four hundred acres, to wit, three hundred and eighty-one acres, and represented to the plaintiff that it contained four hundred acres, because there was no evidence showing but that there were in fact four hundred acres, and the defendant requested the court to charge this in substance. To the refusal of this re-

quest the defendant excepted. The exceptions state that there was no testimony in the case as to the quantity of land "except as above stated," which we construe to mean except as before stated in the exceptions. It cannot be said that there was no evidence tending to show that there were not four hundred acres exclusive of the nineteen-acre piece; for in the second paragraph of the exceptions it appears that testimony was given tending to show that when the parties were considering the question of making the contract, and before the deed was given, the defendant told the plaintiff that he, defendant, had four hundred acres including said nineteen acres. Hence the request was properly refused.

Other exceptions were saved in this case, but the same questions are not likely to arise on another trial so they are not considered.

*Judgment reversed and cause remanded.*